IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE:                               )<br>                                      )<br>EDWARD MORGAN and MINNIE             )<br>BURLESON MORGAN,                     )<br>                                      )<br>        Debtors,                     )<br>_____ )<br>MARY K. VIEGELAHN, Chapter 13 )<br>Trustee,                              )<br>                                      )<br>        Appellant,                   )<br>                                      )<br>    vs.                               )<br>                                      )<br>EDWARD MORGAN and MINNIE             )<br>BURELSON MORGAN,                     )<br>                                      )<br>        Appellees.                    )<br>_____ ) | CV. NO. SA-12-CV-00436-DAE<br>Bankruptcy Case No. 11-53483 |

ORDER AFFIRMING BANKRUPTCY COURT'S ORDER

Appellant Mary K. Viegelahn, Chapter 13 Trustee ("the Trustee"), appeals the March 31, 2012 Order Confirming Debtors' Chapter 13 Plan issued by the United States Bankruptcy Court for the Western District of Texas.  Having considered the record and the parties' briefs, the Court, for the reasons below, **AFFIRMS** the order of the Bankruptcy Court.

1

BACKGROUND

On October 3, 2011, Debtors Edward Morgan and Minnie Burleson Morgan (collectively, "Debtors") filed a joint, voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. (Bk. No. 11-53483, Doc. # 1.) In connection with the petition, Debtors filed a Form 22C (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income). (Id.) As allowed by 11 U.S.C. § 101(10A)(B), Debtors did not include Social Security income ("SSI") on Form 22C. (See id.) According to Form 22C, Debtors' annualized income exceeded the median average income for a household size of two. (Doc. # 8 at 5–6.) Debtors also filed Bankruptcy Schedule I, which lists their current income, and Schedule J, which lists their current expenses. (Bk. No. 11-53483, Doc. # 20.) On Schedule I, Debtors listed a total monthly income of $7,342, including social security benefits of $1,697. (Id. at 3.) On Schedule J, which represents their monthly expenses, Debtors deducted a portion of their SSI as exempt. (Id. at 4.) According to the Trustee, Debtors receive a total of $2,719 in SSI, but listed $1022 as exempt. (Doc. # 8 at 5.) The Chapter 13 repayment plan Debtors ultimately proposed, therefore, allowed them to retain a portion of their SSI rather than commit it to the repayment of creditors.

The Trustee objected to confirmation of the Chapter 13 plan on the

grounds that Debtors did not propose to pay <u>all</u> disposable income into the plan. (Bk. No. 11-53483, Doc. # 10 .)  Although SSI is properly excluded from the calculation of current monthly income, which is reflected on Form 22C, the Trustee essentially argued SSI is not excluded from the calculation of "projected disposable income," which is based on Schedules I and J.

On February 14, 2012, the Bankruptcy Court held a confirmation hearing on the Chapter 13 plan.  (<u>See</u> Bk. No. 11-53483, Doc. # 22.)  At the hearing, the Trustee argued that Debtors did not propose the Chapter 13 plan in good faith because they withheld a portion of their SSI.  ("Transcript," Doc. # 1-7.)  After considering all the evidence, the Bankruptcy Court found, based on a totality of the circumstances, that the plan was proposed in good faith.  (<u>Id.</u>)  On March 21, 2012, the Bankruptcy Court overruled the Trustee's objection and entered an Order Confirming the Debtors' Chapter 13 Plan.  (Bk. No. 11-53483, Doc. # 22.)

On March 26, 2012, the Trustee filed her Notice of Appeal of the Bankruptcy Court's March 26, 2012 Order.  (Bk. No. 11-53483, Doc. # 24.)  On July 26, 2012, the Trustee filed her Opening Brief.  (Doc. # 8.)  On September 24, 2012, Debtors filed their Answering Brief.  (Doc. # 12.)  On October 23, 2012, the Trustee filed her Reply Brief.  (Doc. # 16.)  On October 30, 2012, Debtors filed a Motion to Supplement Appellees' Brief with Recent Case Authority.  (Doc. # 17.)

The Court granted that motion on October 31, 2012. (Doc. # 18.)

## STANDARD OF REVIEW

A bankruptcy court's conclusions of law are reviewed de novo and its findings of fact for clear error. In re Mercer, 246 F.3d 391, 402 (5th Cir. 2001) (en banc). A bankruptcy court's determination that a debtor has [or has not] acted in bad faith is a finding of fact reviewed for clear error." In re Jacobsen, 609 F.3d 647, 652 (5th Cir. 2010). A court should sustain the bankruptcy court's factual findings absent "a firm and definite conviction that the bankruptcy court made a mistake." In re Cahill, 428 F.3d 536, 542 (5th Cir. 2005) (citation omitted) (internal quotation marks omitted).

## DISCUSSION

Chapter 13 of the Bankruptcy Code provides bankruptcy protection to individuals with regular income whose debts fall within statutory limits. Hamilton v. Lanning, 130 S.Ct. 2464, 2468 (2010). Unlike bankruptcy debtors who file under Chapter 7 and must liquidate their assets, Chapter 13 debtors are permitted to keep their property subject to a court-approved plan under which they agree to pay creditors out of their future income. Id. at 2468–69. This appeal essentially presents two questions: (1) whether the Bankruptcy Court erred in not requiring that all of Debtors' SSI be included in "projected disposable income" in the

formulation of the Chapter 13 plan and (2) whether the Bankruptcy Court erred in finding that Debtors filed the Chapter 13 plan in "good faith" given Debtors' partial exclusion of SSI.  For the reasons stated below, the Bankruptcy Court did not err in either respect, and the Court therefore **AFFIRMS** the Bankruptcy Court's March 31, 2012 Order Confirming Debtors' Chapter 13 Plan.

I.      Projected Disposable Income

Chapter 13 debtors "must agree to a court-approved plan under which they pay creditors out of their future income."  Lanning, 130 S.Ct. at 2469; see also 11 U.S.C. §§ 1306(b), 1321, 1322(a)(1), 1328(a).  Bankruptcy Code § 1325(a) lists the conditions under which the Bankruptcy Court shall confirm a Chapter 13 debtor's payment plan, the essential requirement being that it guarantee creditors at least as much payment as they would receive through the debtor's liquidation.  See 11 U.S.C. § 1325(a).  If the trustee or an unsecured creditor objects to confirmation of the debtor's plan, the debtor must either pay unsecured creditors in full or pay all "projected disposable income" to be received by the debtor over the duration of the plan.  Id. § 1325(b)(1).

In the instant case, the Trustee argues on appeal that all SSI must be included in a debtor's "projected disposable income" in the formulation of a Chapter 13 plan.  The Fifth Circuit considered and rejected this very argument in a

5

recent opinion, In re Ragos, 700 F.3d 220 (5th Cir. 2012).[1] It found that to require a debtor to include SSI in "projected disposable income" would "violate both the Bankruptcy Code and the Social Security Act" and therefore expressly held that SSI is not included in a debtor's "projected disposable income." Id. at 226. Thus, this Court finds that the Bankruptcy Court did not err in allowing Debtors to exclude a portion of their SSI in formulating the Chapter 13 plan.

II.     Good Faith

Chapter 13 requires a debtor to propose and file his repayment plan in good faith. 11 U.S.C. § 1325(a). The good faith determination is made on a case-by-case basis considering the totality of the circumstances. Public Finance Corp. v. Freeman, 712 F.2d 219, 221 (5th Cir. 1983).

In the instant case, the Trustee argues that the good faith inquiry and the calculation of projected disposable income constitute "separate inquiries." Thus, even if Debtors were justified in excluding a portion of their SSI from the projected disposable income calculation, the Trustee contends that the Bankruptcy Court should still have found that Debtors' failure to include all of their SSI demonstrates a lack of good faith. She argues that this is particularly true because

---

[1] The Fifth Circuit issued In re Ragos after this appeal was filed and fully briefed by the parties.

the instant case involves above-median-income debtors.

The Court is not persuaded. In In re Ragos, the Fifth Circuit reasoned that "it is apparent that Debtors are not [acting] in bad faith merely for doing what the [Bankruptcy] Code permits them to do." 700 F.3d at 227. As such, it held that "retention of exempt social security benefits alone is legally insufficient to support a finding of bad faith under the Bankruptcy Code." Id.; accord In re Cranmer, 697 F.3d 1314, 1319 (10th Cir. 2012). Because the Trustee does not point to any other evidence of bad faith on the part of Debtors, her argument that the Bankruptcy Court erred in not finding bad faith fails.

## CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the Bankruptcy Court's March 31, 2012 Order Confirming Debtors' Chapter 13 Plan.

IT IS SO ORDERED.

DATED: San Antonio, Texas, March 19, 2013.

_____
David Alan Ezra
Senior United States District Judge